IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02515-RPM

YOLANDA HANSON,

    Plaintiff,

v.

COLORADO JUDICIAL DEPARTMENT, 4th JUDICIAL DISTRICT PROBATION DEPARTMENT,

    Defendant.

## ORDER GRANTING SUMMARY JUDGMENT

Yolanda Hanson was fired from her position on the administrative staff of the Fourth Judicial District Probation Department by Chief Judge Kirk Samelson on February 9, 2009, effective February 12, 2009. She filed this action on January 20, 2012, claiming this decision was a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., because the judge's decision was a result of information given to him by her supervisors who were motivated by discrimination against her because she is black and in retaliation for her complaints about racial discrimination in the Probation Department.

The stated reason for Judge Samelson's decision is in this paragraph of the termination letter:

> Your actions constitute cause for disciplinary action under Personnel Rule 23.D.e

>for "the abuse of paid time off or extended sick leave for an absence, or inappropriate use of extended sick leave for a non-medically certified absence." Furthermore, the Colorado Judicial Branch Code of Conduct requires that employees "[d]emonstrate the highest standards of personal integrity, truthfulness and honesty" in performing their job duties. I find fraudulently securing FML to work another job to be an egregious violation of the Code of Conduct that in and of itself warrants termination.
>
> Def's Ex. X.

The plaintiff claims that this was pretext. After full discovery and submission of relevant materials, the conclusion is that Ms. Hanson has failed to provide sufficient evidence to support a finding of pretext. Accordingly the defendant's motion for summary judgment is granted.

It is undisputed that in November, 2007, Ms. Hanson requested two weeks leave to care for her mother who was scheduled for surgery. When the plaintiff made this request, she did not have enough accrued vacation time for two weeks' paid leave. Her supervisor, Donnette Thayer, told the plaintiff that her leave would need to be designated as leave under the Family Medical Leave Act ("FMLA" or "FML"). Thayer explained that the plaintiff's FMLA leave would be paid to the extent of the plaintiff's accrued paid time off and otherwise would be unpaid. Thayer provided the plaintiff with a written form for requesting FMLA leave, which the plaintiff completed and returned to Thayer. (Def.'s Ex. P). Thayer approved two weeks of FMLA leave for the plaintiff beginning on November 30, 2007.

The plaintiff was absent from her Probation Department job for two weeks, beginning on November 30, 2007. The entire leave was designated as FMLA leave. Of that total leave, 5.5 hours were accounted for as leave without pay and the other hours were compensated as paid time off.

The plaintiff used the FMLA leave to go California for job training with an airline company.

The plaintiff testified that she told Thayer about the job opportunity with the airline company and Thayer knew she was going to California for training in December 2007.

Thayer denied these statements.  Assuming their truth, the undeniable fact is that the relevant policy was violated and that if Thayer had approved this mis-use of FMLA leave, she too would have been subject to discipline.

At any rate, the information relied on by the Chief Judge was that Ms. Hanson lied to her supervisor.  That was the result of the investigation conducted by Human Resources Director Mindy Masias and Senior HR Manager Eric Brown with the State Court Administrator's Office.

It is

ORDERED that the defendant's motion for summary judgment is granted.  The Clerk shall enter judgment for the defendant, dismissing the complaint and this civil action and awarding costs.

Dated:  March 28, 2013

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge